Rachel M. Walsh (SBN 250568)
*RWalsh@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, CA 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

*Attorney for Poshmark, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| JEZIGN LICENSING, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>POSHMARK, INC.,<br><br>  Defendant. | Case No. 3:24-cv-00256-AMO<br><br>**REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Judge:  Hon. Araceli Martinez-Olguin |

REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
CASE NO. 3:24-cv-00256-AMO

Defendant Poshmark, Inc. ("Poshmark") submits the following Reply to Plaintiff Jezign Licensing, LLC's Response to Order to Show Cause (Dkt. No. 12), which was submitted in response to the Court's Order to Show Cause for Jezign's failure to effectuate timely service of its January 15, 2024 Complaint against Poshmark. Dkt. No. 10.

The Ninth Circuit has stated that in assessing a failure to enact service under Rule 4, "a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987)); *Newsom v. All.*, No. C 09-5288 SBA, 2014 WL 985586, at *6 (N.D. Cal. Mar. 7, 2014) ("[A]t a minimum, 'good cause' means excusable neglect.").

Plaintiff has failed to show that its conduct supports a finding of good cause to excuse its failure to timely effectuate service. On January 15, 2024, Plaintiff filed its Complaint against Poshmark. Dkt. No. 1. On April 16, 2024, this Court issued an Order to Show Cause why the Court should not dismiss Plaintiff's January 15, 2024 Complaint against Poshmark for failure to effectuate timely service. Dkt. No. 10. In its cursory, one-page response, Plaintiff offers no explanation or justification for its delay and engages in no discussion of prejudice to Poshmark. Instead, Plaintiff simply suggests that its post-deadline, untimely and improper service of Poshmark should be enough to excuse Plaintiff's negligence. Dkt. No. 12. Plaintiff is wrong, and Plaintiff's active refusal to comply with the Court's Order to explain Plaintiff's delay is in itself strong evidence that dismissal is appropriate. *See Duncan v. Coldwell Banker*, No. LA CV 11-05132-VBF, 2014 WL 1630653, at *3 (C.D. Cal. Apr. 21, 2014) ("[W]here a party offers a poor excuse or no excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal."). Further, due to Plaintiff's pattern of delay and negligence, as discussed below, Poshmark respectfully requests that the Court dismiss the Complaint with prejudice pursuant to Rules 4(m) and 41(b).

It is unsurprising that Plaintiff does not offer any cause or explanation for its long delay in

1  prosecuting this matter. Plaintiff does not have any. Plaintiff does not – and cannot – allege that
2  Poshmark somehow avoided service or was difficult to locate. Indeed, Plaintiff cannot even claim
3  that Plaintiff did not have actual knowledge of how to contact or serve Poshmark. Plaintiff
4  previously brought the same claims almost two years ago in a June 2022 complaint filed in the U.S.
5  District Court for the District of Maryland ("the Maryland Complaint"). *See Jezign Licensing, LLC*
6  *v. L.T.D. Commodities, LLC et al*, C.A. No. 1:22-cv-01592-RDB, Complaint (Dkt. No. 1) (D. Md.
7  June 28, 2022). And while the Maryland Complaint was dismissed due to Plaintiff's failure to
8  comply with the Federal Rules – in that instance, Plaintiff's failure to properly plead venue (*see id*.
9  Mem. Op. Granting Mot. to Dismiss (Dkt. No. 79) (D. Md. Aug. 30, 2024)) – as Plaintiff itself
10 makes clear in its Complaint here, Plaintiff *was* able to effect service in that prior dispute. Dkt. No.
11 1, ¶ 13. Plaintiff therefore knew how to contact Poshmark and its counsel two years ago – Plaintiff
12 merely failed to do so in this case. *See Boudette*, 923 F.2d at 756 (finding that previous experience
13 in suing an entity argued against good cause when plaintiff failed to properly serve entity in
14 subsequent suit).

15   In addition, this entire dispute appears to be untimely and barred by the applicable six-year
16 statute of limitations. *See* 35 U.S.C. § 286. Plaintiff's claims allege infringement of U.S. Design
17 Patent No. D554,848 ("the D848 Patent") for "light up shoes," a patent that expired two and a half
18 years ago. The Complaint's only allegations regarding the timing of any act of alleged infringement
19 by Poshmark is a Poshmark product listing from April 13, 2016, a date well outside the six-year
20 statute of limitations for patent infringement claims. Dkt. No. 1, ¶ 15. Other than this act of alleged
21 infringement, Plaintiff's Complaint is utterly silent as to any claims Plaintiff may have that arose
22 within the statute of limitations. Based on Plaintiff's own pleadings, it therefore appears that
23 Plaintiff's allegations of infringement are time-barred. As such, Plaintiff's untimely Complaint
24 should be dismissed with prejudice. *See, e.g.*, *Newsom*, 2014 WL 985586, at *6 (dismissing case
25 with prejudice under Rule 4(m) because claims appeared barred by statute of limitations); *Ramos-*
26 *Santoya v. Ins. Com. of Pennsylvania*, No. CVF08-1868 LJOGSA, 2009 WL 910816, at *5 (E.D.
27 Cal. Apr. 2, 2009), *aff'd sub nom. Ramos-Santoya v. Ins. Co. of State of Pennsylvania*, 379 Fed.
28 Appx. 596 (9th Cir. 2010) (unpublished) (same); *Norland v. Oregon*, 2009 U.S. Dist. LEXIS 93470,

1  *18–*19 (D. Or. June 25, 2009) (same).

2  Poshmark has also been prejudiced by Plaintiff's pattern of delay, both generally and specifically from Plaintiff's failure to serve in a timely fashion here. In the Ninth Circuit, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002); *Gerber v. Ukazim*, No. 18-CV-04192-RMI, 2020 WL 9422376, at *2 (N.D. Cal. July 30, 2020). Moreover, that presumption is strengthened, where, as here, a plaintiff's claims are likely time-barred. *Crowley v. Factor 5, Inc.*, No. C 11-05528 SBA, 2014 WL 1868851, at *4 (N.D. Cal. May 7, 2014) (quoting *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007)) ("It is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action . . . ."). And finally, even if Plaintiff's claims were timely, Plaintiff's continual delays in asserting its alleged rights greatly increase the likelihood that witnesses' memories will fade and that evidence will become stale before the final resolution of this action.

Finally, Plaintiff's attempt at late service is no reason to allow this action to proceed. Rule 4(m) is intended to encourage "the prompt movement of civil actions in federal court." *Matlock v. Hawkes*, 874 F. Supp. 219, 221 (N.D. Ill. 1995); *see also Matasareanu v. Williams*, 183 F.R.D. 242, 247 (C.D. Cal. 1998) ("The purpose of Rule 4(m) is to assure that defendant will be promptly notified of the lawsuit, thereby preventing possible prejudice resulting from delay: e.g., loss of evidence, dimming of witnesses' memories, financial commitments based on not being sued, etc.") (quotation omitted). Allowing a plaintiff to simply ignore its obligations, scramble to effect service after its deadline for service has run, and to then use that late service as its excuse for its delay, would run counter to the purpose of the rule and work real harm on defendants such as Poshmark. As such, Poshmark respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice pursuant to Rules 4(m) and 41(b).

Dated: May 1, 2024

Respectfully submitted,

*/s/ Rachel M. Walsh*

Rachel M. Walsh (SBN 250568)
*RWalsh@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, CA 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on May 1, 2024. I certify under penalty of perjury that the foregoing is true and correct. Executed on May 1, 2024 in San Francisco, California.

*/s/ Rachel M. Walsh*
Rachel M. Walsh